IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD NESGODA, : | No. 3:22cv253 |
| Plaintiff : | |
| : | (Judge Munley) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| CHRISTOPHER ROONEY, individually : | |
| and in his official capacity as : | |
| an Officer of the Pennsylvania : | |
| State Police and THE OFFICE OF : | |
| DISTRICT ATTORNEY OF : | |
| SCHUYLKILL COUNTY, : | |
| Defendants : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition are two reports and recommendations ("R&Rs") issued by Magistrate Judge Martin C. Carlson. The R&Rs suggest granting in part the motions to dismiss Plaintiff Edward Nesgoda's civil rights lawsuit filed by each of the defendants. Plaintiff has filed objections to the R&Rs, which have been briefed and are ripe for disposition.[1]

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

**Background**[2]

On or about February 21, 2019, Defendant Christopher Rooney, a Pennsylvania State Trooper, filed a series of state criminal charges against plaintiff including Terroristic Threats – Terrorize Another, 18 PA. CONS. STAT. § 2706(a)(1); Terroristic Threats – Serious Public Inconvenience; 18 PA. CONS. STAT. § 2706(a)(3); and Disorderly Conduct – Create Hazard/Offensive Condition, 18 PA. CONS. STAT. § 5503(a)(4). (Doc. 1, ¶ 13).[3] Plaintiff was arrested, had an initial appearance on the charges and remained confined for six weeks until he was able to post bail. (Id. ¶¶ 16-18). Thus, by April 2019, plaintiff had been released on bail from the state charges to conditions of release which plaintiff describes as "onerous". (Id.)

Defendant The Office of the District Attorney of Schuylkill County ("DAO") filed a criminal information against plaintiff charging him with the above-mentioned Pennsylvania criminal offenses. (Id., Exh. A). Plaintiff maintained his innocence and proceeded to a jury trial. On February 14, 2020, the jury found him not guilty of the charges. (Id. ¶ 23).

---

[2] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.
[3] The facts underlying plaintiff's arrest are not provided in the complaint.

Based upon these facts, Plaintiff filed the instant civil rights lawsuit asserting the following eight claims: Count I – False Arrest under federal law; Count II – Malicious Prosecution under federal law; Count III – Failure to Adequately Train and Supervise under federal law; Count IV – Defamation under state law; Count V – Failure to Intervene under federal law; Count VI – False Arrest under state law; Count VII – Malicious Prosecution under state law; and Count VIII -State Constitutional Violations. (Doc. 1). All counts are asserted against both defendants except for Count III which is asserted against Defendant DAO solely.

Both Defendant DAO and Defendant Rooney filed motions to dismiss the plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Magistrate Judge Carlson has filed R&Rs on each motion. (Docs. 23, 24). The R&Rs suggest granting the motions in part and denying them in part. Plaintiff in turn has filed objections to each R&R challenging all the recommendations. (Doc. 25). The objections have been briefed, bringing the case to its present posture.

**Jurisdiction**

As Counts I, II, III, and V of plaintiff's complaint assert causes of action pursuant to federal law, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

3

actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

As noted above, the R&Rs address the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The

plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

5

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

## Discussion

Before the court are two R&Rs. One deals with Defendant DAO's motion to dismiss, and the other addresses Defendant Rooney's motion to dismiss. The court will address each separately starting with the DAO's motion to dismiss.

## I. R&R Regarding the DAO's Motion to Dismiss

Regarding the DAO's motion to dismiss, the R&R discusses the following four topics: statute of limitations, section 1983 claims, state law constitutional claims, and other state law claims. The court will address each topic in turn.

### A. Statute of Limitations Issues

The R&R addresses several different issues regarding the statute of limitations. These issues include the section 1983 claims generally, specific false arrest claims under section 1983 and under state law, and the state law claim for defamation.

#### 1. Section 1983 Generally

Initially, the R&R notes that Counts I, II, III, and V, plaintiff's federal claims filed under 42 U.S.C. § 1983 ("section 1983"), "may" run afoul of the statute of limitations. The statute of limitations for section 1983 claims filed in a federal district court sitting in Pennsylvania is two years. Lake v. Arnold, 232 F.3d 360, 369 (3d Cir. 2000) (explaining that for section 1983 claims the statute of limitations is based on the general residual statute of limitations for personal injury actions filed in the state in which the district court sits, and that statute of limitations in Pennsylvania is two years).

From the face of the complaint, it appears that plaintiff did not file within the two-year statute of limitations. The R&R notes that the state jury exonerated him of the criminal charges which form the basis for his claims on February 14, 2020 (Doc. 1, ¶ 23). The complaint was filed more than two years later, on February 22, 2022.

The plaintiff argues that a factual issue precludes dismissal of section 1983 claims based upon the statute of limitations at this time. Plaintiff's counsel asserts that he timely filed the complaint on February 13, 2022, but due to some sort of technical difficulty with the court's electronic filing system, the Clerk of Court's Office asked him to re-file the complaint on February 22, 2022. (Doc. 26, Pl.'s Br. at 12).

The court agrees with the plaintiff that it would be premature to dismiss the case on general statute of limitations grounds at this stage of the proceedings before discovery has been completed on the various issues. Moreover, the R&R does not recommend dismissal on this ground, it merely points out that the statute of limitations may have been expired when plaintiff filed the complaint. Thus, the court will deny this statute of limitations issue, without prejudice to the defendant raising it after discovery if appropriate.

### 2. False Arrest

The R&R also deals with several specific statutes of limitation beginning with the limitations period applicable to claims for false arrest. Count I of plaintiff's complaint asserts a cause of action for false arrest under federal law. (Doc. 1, ¶¶ 24-31). Under federal civil rights law, a false arrest is an arrest made without probable cause. Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995). Such an arrest is a violation of the Constitution's Fourth Amendment. Id. A claim for a federal constitutional violation must be brought pursuant to 42 U.S.C. § 1983.

The statute of limitations for section 1983 claims are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Pennsylvania statute of limitations for personal injury actions is two years. 42 PA. CONS. STAT. § 5524. "The statute of limitations begins to run when the cause of action accrues." Douglas v. Joseph, 656 F. App'x 602, 605 (3d Cir. 2016).

The Third Circuit Court of Appeals has explained that:

> [i]t is the 'standard rule' that accrual of a claim 'commences when the plaintiff has a complete and present cause of action,' Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (citation omitted), which occurs for false arrest . . . claims when a plaintiff 'appear[s] before the examining magistrate and [is] bound over for trial,' i.e., 'once the victim becomes held pursuant to [legal] process,' Wallace v. Kato, 549 U.S. 384, 389, 391 (2007) (emphasis omitted).

9

Geness v. Cox, 902 F.3d 344, 354-355 (3d Cir. 2018).

Here, the complaint alleges that Defendant Rooney filed the charges against him, and he was arraigned "after the criminal charges were filed" sometime in or around February 21, 2019. (Doc. 1, ¶¶ 13-15). After the arraignment, plaintiff was held pursuant to legal process and his claim for false arrest had accrued. Thus, the two-year statute of limitations began to run on or about February 21, 2019, and expired two years later, on or about February 21, 2021. The instant complaint was not filed until February of 2022, approximately a year after the statute of limitations had expired. Thus, Count I, the false arrest claim based on federal law will be dismissed as untimely.[4]

Count VI of plaintiff's complaint alleges a state common law false arrest claim against the defendants. (Doc. 1, ¶¶ 73-75). The Pennsylvania statute of limitations for false arrest is two years, 42 PA. CONS. STAT. § 5524(a), and the statute of limitation begins to run when the harm is suffered, Bailey v. Tucker, 621 A.2d 108, 115-16 (Pa. 1993). Thus, the same statute of limitations analysis applies to this state law claim for false arrest as to the federal law false arrest claim. Therefore, Count VI will also be dismissed as untimely.

---

[4] Plaintiff argues that he could not maintain an action for false arrest until he was acquitted; therefore, his cause of action did not accrue until his acquittal. The Third Circuit Court of Appeals has rejected this argument. Rose v. Bartle, 871 F.2d 331, 350-51 (3d Cir. 1989).

### 3. Defamation

Count IV of plaintiff's complaint alleges a state law defamation claim. (Doc. 1, ¶¶ 58-65). This claim is also untimely. The statute of limitations for a defamation claim is one year under Pennsylvania law. 42 PA. CONS. STAT. ANN. § 5523. The claim of defamatory statements made by the defendants are evidently based on statements made during plaintiff's prosecution in the underlying state criminal prosecution. The latest date upon which this cause of action could have accrued would be the date that plaintiff was found not guilty of the state charges, February 14, 2020. (Doc. 1, Compl. ¶ 23). Thus, plaintiff had until February 14, 2021 to file a timely claim for defamation. The complaint, however, was filed approximately a year after the expiration of the statute of limitations. Thus, Count IV of plaintiff's complaint asserting a claim for defamation is time barred and will be dismissed.

### B. Section 1983 issues

As noted above, plaintiff's federal civil rights claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 does not, by its own terms, create substantive rights. Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir.1996). Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

11

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress....

42 U.S.C. § 1983. Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir.1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id.

Initially, the R&R suggests that Defendant DAO should be dismissed from the case because it is not a "person" under section 1983. In support of this recommendation, the R&R quotes Reitz v. County of Bucks, for the proposition that a "County District Attorney's Office is not an entity for purposes of § 1983 liability." 125 F.3d 139, 148 (3d Cir. 1997). The R&R accurately quotes Reitz. It is not clear, however, that as a general principle, district attorney's offices are immune from suit under section 1983. The statement made in Reitz appears to be dicta. It is included in the opinion's conclusion, and it is not expanded upon or explained in the body of the opinion. See Sourovelis v. City of Philadelphia, 103 F. Supp. 3d 694, 711-712 (E.D. Pa. 2015) (declining to follow Reitz on the basis that its statement that the District Attorney's Office is not an entity for purposes of § 1983 liability is arguably dicta).

Accordingly, the court will not adopt the R&R on this point. The court's conclusion is especially apt considering that cases subsequent to Reitz have treated district attorney's offices as a proper party in a section 1983 case. See, e.g., Connick v. Thompson, 563 U.S. 51 (2011) (explaining the law with regard to holding a district attorney's office liable under section 1983 for a failure to train).

Count III of the complaint asserts a cause of action under section 1983 against Defendant DAO for failing to train and supervise police officers such as Defendant Rooney. (Doc. 1, Compl. ¶¶ 50-57). For a municipality or public entity, such as the DAO, to be held liable for a section 1983 violation it must be alleged that the unconstitutional action occurred due to an official policy or custom of the municipality. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). In the absence of an improper policy or custom, a municipal entity may be held liable under section 1983 for a failure to properly train its employees. Reitz, 125 F.3d at 145.

The R&R recommends that the claims against the DAO should be dismissed because the plaintiff's complaint fails to identify a custom or practice that led to plaintiff's injury. Further, the complaint does not identify a training program which failed and led to plaintiff's injury. The R&R will not be adopted on this point.

The complaint alleges that the DAO inadequately supervised law enforcement officers and the filing of criminal charges. (Doc. 1, ¶ 52). Also plaintiff alleges that when the DAO is notified of improper criminal charges being filed, it is its practice to conduct a minimal investigation designed to exonerate the officer involved rather than discover the true facts of the incident. (Id. ¶¶ 54-55). The court finds that these allegations are sufficient to defeat a motion to dismiss. While the assertions may not be overly specific, the court is cognizant of the fact that this ruling comes prior to discovery. Plaintiff may need discovery to set forth more specifically, the policies, practices, and training of the DAO.[5] Thus, the motion to dismiss Count III will be denied.

The court notes, however, that to the extent that the complaint challenges the DAO's decision to prosecute the plaintiff as unconstitutional, the DAO is shielded by absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); Kulwicki v. Dawson, 969 F.2d 1454, 1463-63 (3d Cir. 1992) (explaining that absolute immunity applies to the decision to initiate a prosecution even where a prosecutor acts without a good faith belief that any wrongdoing occurred).

---

[5] It is premature to decide whether plaintiff will be able to support these claims at trial or at the motion for summary judgment stage.

14

## C. State Constitutional Issues

Plaintiff alleges Pennsylvania state constitutional violations in Count VIII of his complaint. (Doc. 1, ¶¶ 80-82). Plaintiff seeks damages in excess of one hundred fifty thousand dollars ($150,000.00) for these state constitutional violations. (Doc. 1, foll. ¶ 82). The R&R recommends dismissal of the Count VIII because plaintiff is not entitled to monetary damages under the Pennsylvania Constitution. The court agrees.

The law provides that Pennsylvania law does not provide for monetary damages for a violation of the Pennsylvania Constitution. Mount Airy #1, LLC v. Pennsylvania Dep't of Revenue & Eileen McNulty, 154 A.3d 268, 280 n.11 (Pa. 2016) (recognizing that neither Pennsylvania statutory authority nor appellate case law has permitted an award of monetary damages for violations of the Pennsylvania Constitution). Accordingly, Count VIII will be dismissed.

## D. Other State Law Claims

Lastly, the R&R recommends dismissing the state law claims because dismissal of all of the federal claims is recommended. See 28 U.S.C § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (holding that when federal causes of action are

15

dismissed, federal courts should dismiss pendent state claims). The court will not adopt the recommendation to dismiss all of the federal claims. Accordingly, the recommendation that the pendant state law claims be dismissed will also not be adopted.

## II. R&R Dealing with Defendant Christopher Rooney's Motion to Dismiss

The second R&R before the court involves the motion to dismiss filed by Defendant Christopher Rooney. The issues raised in this motion to dismiss are similar to those raised in the DAO's motion to dismiss. Therefore, to avoid repetition, the court will not provide extensive analysis regarding issues that have been already addressed.

### A. Statute of Limitations issues

The R&R first addresses the same statute of limitations issues as raised in the DAO's motion to dismiss. For the reasons mentioned in section IA, Defendant Rooney's motion to dismiss Count I – False Arrest; Count IV – State Law Defamation; and Count VI –- State Law False Arrest will be granted, and these counts will be dismissed from the complaint.

### B. Failure to Intervene

Count V of plaintiff's complaint asserts a cause of action for failure to intervene. (Doc. 1, ¶¶ 66-72). This count alleges that each of the defendants should have intervened to prevent the unconstitutional acts committed by each

other as further described in the complaint. The complaint avers that the defendants "had a duty to disclose, *ab initio*, the truth regarding Plaintiff's innocence, but did not do so, not even to their superiors and/or to the independent Judiciary." (Doc. 1, ¶ 70).

The R&R recommends dismissal of this count. The court agrees that dismissal is appropriate. Under the law of the Third Circuit, a failure to intervene claim arises when prison staff fails to intervene to prevent *excessive force* against an inmate. Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). Here, plaintiff alleges that the defendants failed to intervene not in the context of the use of excessive force, but regarding his alleged false arrest and prosecution. The Third Circuit has noted that it has not extended the failure to intervene cause of action to false arrests. Lozano v. New Jersey, 9 F.4th 239, 246 n.4 (3d Cir. 2021). Accordingly, Count V of plaintiff's complaint will be dismissed.

### C. Damages Claims under the Pennsylvania Constitution

Count VIII of plaintiff's complaint asserts a claim for monetary damages for violation of the Pennsylvania Constitution. (Doc. 1, ¶¶ 80-82). As noted in section IC above, however, monetary damages are not available for violations of the Pennsylvania Constitution. See Mount Airy #1, 154 A.3d at 280 n.11. Accordingly, Count VIII will also be dismissed as to Defendant Rooney also.

### D. Malicious Prosecution

Count II of plaintiff's complaint asserts a malicious prosecution cause of action under federal law and Count VII asserts the same cause of action under state law. An element of both counts is that plaintiff's arrest was not supported by probable cause. See McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (discussing malicious prosecution under section 1983); Tomaskevitch v. Specialty Records Corp.,717 A.2d 30, 33 (Pa. Commw. Ct. 1998) (discussing malicious prosecution under state law).

Here, Defendant Rooney argues that the malicious prosecution claims should be dismissed because plaintiff has not alleged sufficient facts to establish that probable cause was lacking for plaintiff's arrest and prosecution. As noted by the R&R, however, the question of probable cause is fact sensitive and should be decided on a more fully developed factual record. See Halsey v. Pfeiffer, 750 F.3d 273, 300 (3d Cir. 2014) (explaining that the existence of probable cause is generally a factual issue). Here, the plaintiff's complaint alleges that his arrest was made without probable cause (Doc. 1 ¶¶ 34, 78). Such allegations are sufficient at the motion to dismiss stage of the proceedings. Accordingly, the motion to dismiss will be denied on this point and the R&R will be adopted.

## Conclusion

For the reasons set forth above, the R&R will be adopted and the objections will be overturned with respect to dismissal of the following counts: Count I – False arrest under federal law; Count IV – Defamation; Count V – Failure to Intervene; Count VI – False Arrest under State law; and Count VIII – State Constitutional Claims. The R&R will not be adopted regarding dismissal of the Defendant DAO.

Remaining in the case are Count II - Malicious Prosecution under federal law; Count III – Failure to Adequately Train; Count VII – Malicious Prosecution under state law. An appropriate order follows.

Date: 5/9/24

JUDGE JULIA K. MUNLEY
United States District Court