IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD JOSEPH NESGODA,**<br>**Plaintiff**<br><br>**v.**<br><br>**CHRISTOPHER ROONEY, individually and in his official capacity as an officer of the Pennsylvania State Police,**<br>**Defendant** | : | **No. 3:22cv253**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

On February 22, 2022, Plaintiff Edward Joseph Nesgoda brought suit against Pennsylvania State Trooper Christopher Rooney and the Office of District Attorney of Schuylkill County, Pennsylvania alleging various federal and state causes of action related to his 2019 arrest. (Doc. 1). Since that time, the court dismissed many of Nesgoda's claims, and Nesgoda stipulated to the dismissal of the DA's office as a party. Nesgoda v. Rooney, No. 3:22cv253, 2024 WL 2094009 (M.D. Pa. May 9, 2024); (see also Doc. 53). Only federal and state law claims for malicious prosecution against Defendant Rooney remain.[1] Before the court is Rooney's motion for summary judgment on those counts. (Doc. 56).

[1] The court has subject matter jurisdiction over the federal law claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

**Background**[2]

Plaintiff Edward J. Nesgoda was a regular visitor to the Schuylkill County Walmart and was there almost every night to "see a girl." (Doc. 65 ¶ 16). He was present at Walmart on February 6, 2019, at approximately 11:30 p.m. Id. ¶ 17. Plaintiff was using the self-checkout to purchase items. Id. ¶ 18. While he was at the self-checkout, plaintiff started a conversation with two women in the area. Id. ¶ 19. The two women purported to know plaintiff. Id. ¶ 20. During his conversation with the two women, plaintiff discussed an incident which occurred almost two decades ago, where he was accused of threatening to blow up a courthouse. Id. ¶ 21. Plaintiff also spoke about his support of President Trump during the conversation. Id. ¶ 22. After paying for his items, plaintiff left the premises in a burgundy SUV. Id. ¶ 23.

Defendant Trooper Rooney was a Pennsylvania State Trooper at all times relevant to this action. Id. ¶ 24. On February 6, 2019, he responded to a call at Walmart in Schuylkill County. Id. ¶ 25. Upon his arrival to Walmart, Defendant Rooney spoke with employee Lenore Rutman. Id. ¶ 26. Rutman told Rooney that while she was performing her required duties during her shift, she observed a white male customer entering into the self-checkout area. Id. ¶ 27. Nesgoda is

[2] Unless otherwise indicated, the court recites the uncontroverted facts from defendant's statement of material facts. (See Doc. 65). Quotation marks and citations are omitted when quoting from the statement.

a white male. Id. ¶ 14. Rutman told Rooney that she recognized the customer as he periodically visited the store about the same time every other day or so. Id. ¶ 28. She told Rooney that she remembered the customer to usually have messy hair, but on this day the sides were shaved short and there was hair on the top of his head. Id. ¶ 29.

Rutman told Trooper Rooney that prior to the customer checking out, he shouted loudly for numerous people in the area to hear: "When I leave here, I'm going to blow up the courthouse and any State Police that get in my way." Id. ¶ 30. Rutman told Rooney that, after a few moments, the customer shouted, "This is not the first time I've been in trouble." Id. ¶ 31. She also told Rooney that, after a few more moments, the customer shouted, "I have previously made threats to kill TRUMP." Id. ¶ 32.

The manager, Lorraine Wiener, also spoke to Rooney about the incident on February 6, 2019. Id. ¶ 33. Wiener took Rooney to view security footage of the incident. Id. ¶ 34. Rooney was able to take several images from the footage which showed the plaintiff. Id. ¶ 35. The footage also showed that plaintiff left in a red/maroon colored four-door SUV. Id. ¶ 36.

After leaving Walmart that first evening, Rooney directed his dispatcher to contact the Jim Thorpe Police Department, the Pottsville City Police Department, the Carbon County Sheriff, and the Schuylkill County Sheriff so those

departments could protect against any attacks on the nearby courthouses and police officers. Id. ¶ 37. On February 21, 2019, Rooney returned to Walmart for further investigation. Id. ¶ 38. He spoke again with manager Lorraine Wiener. Id. ¶ 39. Wiener informed Rooney that the employees identified plaintiff by his last name, Nesgoda. Id. ¶ 40. She told Rooney that she was working on the evening of February 13, 2019, when plaintiff entered the store again. Id. ¶ 41. She told Rooney that after she saw plaintiff enter the store, she went to the parking lot to see if she could locate and identify the vehicle the man drove during the incident that occurred on February 6, 2019. Id. ¶ 42. Wiener told Rooney that she was able to locate a red/burgundy SUV, with silver luggage racks on top of the vehicle, and identified the tag number. Id. ¶ 43. A check of that plate showed the registered owner of a Pontiac SUV to be plaintiff. Id. ¶ 44.

A criminal complaint was filed against plaintiff on February 21, 2019, which included three charges—a count of terroristic threats under 18 PA. CONS. STAT. § 2706(a)(1), a count of terroristic threats under 18 PA. CONS. STAT. § 2706(a)(3); and a count of disorderly conduct under 18 PA. CONS. STAT. § 5503(a)(4). Id. ¶ 45. Plaintiff was fingerprinted and processed by the Schuylkill County Central Booking Office on February 26, 2019. Id. ¶ 46. A preliminary hearing was held on April 20, 2019, where the plaintiff waived the hearing and all charges were held for Schuylkill County Court. Id. ¶ 47. According to plaintiff, his criminal

attorney instructed him to waive his preliminary hearing because there was too much evidence against him. Id. ¶ 48.

On February 14, 2020, a jury trial was held in the Schuylkill County Courthouse regarding the incident. Id. ¶ 49. At trial, the prosecution proceeded with the terroristic threat counts against plaintiff but not the disorderly conduct count. Cf. id. ¶ 50. Rutman, Wiener, and Rooney all testified at the trial. Id. ¶ 51. Plaintiff's criminal defense attorney moved to dismiss the case at trial, but the motion was denied, allowing the case to proceed to the jury. Id. ¶ 52. Plaintiff was found not guilty on all charges. Id. ¶ 53.

**Standard of Review**

A movant is entitled to summary judgment "when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law." Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010) (citation omitted); see also FED. R. CIV. P. 56(a). "A fact is material if its resolution 'might affect the outcome of the suit under the governing law[,]'. . . [a]nd a dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Mall Chevrolet, Inc. v. Gen. Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

At this stage, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. All "facts in dispute," Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 187 (3d Cir. 2015), and all "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation modified). "[W]hen there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." Peterson v. Lehigh Valley Dist. Council, United Bhd. of Carpenters & Joiners, 676 F.2d 81, 84 (3d Cir. 1982). Furthermore, "a court's role remains circumscribed in that it is inappropriate for a court to resolve factual disputes and to make credibility determinations." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). "[W]here the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Id. (citations omitted).

A motion for summary judgment may also be granted where a moving party demonstrates that the nonmoving party "has not made 'a showing sufficient to establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial.'" Mall Chevrolet, Inc., 99 F.4th at 630 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (emphasis

removed)). After a moving party carries their burden to show the absence of a genuine, material factual dispute, Rule 56 flips the burden onto "the nonmovant to 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Celotex Corp., 477 U.S. at 324 (emphasis removed) (alteration in original)). The non-moving party must "do more than 'simply show that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushita, 475 U.S. at 586).

**Analysis**

**I. Section 1983 Claim**

"Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Halsey v. Pfeiffer, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983). "To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law.'" Id. (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980) (alterations in original)). Nesgoda alleges that Rooney violated the Fourth Amendment by initiating his malicious prosecution. (Doc. 1 at 10).

"[T]he gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause." Thompson v. Clark, 596 U.S. 36, 43 (2022). Rooney argues Nesgoda's federal malicious prosecution count fails because there was probable cause to charge Nesgoda with terroristic threats and disorderly conduct. (Doc. 66 at 14–18).

"An arrest was made with probable cause if at the moment the arrest was made[,] the facts and circumstances within the [officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005) (citation modified). For a defendant to evade liability for malicious prosecution under § 1983 because of the existence of probable cause, there must have been probable cause for all charges brought against the criminal defendant. Chiaverini v. City of Napoleon, 602 U.S. 556, 558–59 (2024). "Generally, 'the question of probable cause in a section 1983 damage suit is one for the jury.'" Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (quoting Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998)). But "a district court may conclude 'that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual

finding,' and may enter summary judgment accordingly." Id. at 788–89 (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997)).

### A. Terroristic Threats – 18 PA. CONS. STAT. § 2706(a)(1)

A person commits the crime of terroristic threats under 18 PA. CONS. STAT. § 2706(a)(1) "if the person communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another."

When Nesgoda was charged with this crime, Rooney knew that multiple Walmart employees had identified Nesgoda as the man who was at the Schuylkill County Walmart and stated, "When I leave here, I'm going to blow up the courthouse and any State Police that get in my way." No reasonable juror could find that there was not probable cause to arrest Nesgoda for this crime based on this knowledge.

### B. Terroristic Threats – 18 PA. CONS. STAT. § 2706(a)(3)

A person commits the crime of terroristic threats under 18 PA. CONS. STAT. § 2706(a)(3) "if the person communicates, either directly or indirectly, a threat to: (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience." Based on Rooney's knowledge that Nesgoda had stated he would blow up a courthouse, which such act would certainly cause serious public

inconvenience, no reasonable juror could find that there was not probable cause to charge Nesgoda for this crime based on his knowledge.

### C. Disorderly Conduct – 18 PA. CONS. STAT. § 5503(a)(4)

A person commits the offense of disorderly conduct under 18 PA. CONS. STAT. § 5503(a)(4) if he, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." A hazardous condition is one that "involves danger or risk." Commonwealth v. Williams, 574 A.2d 1161, 1164 (Pa. Super. Ct. 1990) (citation omitted). It arises with conduct that is "boisterous [or] confrontational," cf. id., or with threats. Id. "Under the statute, whether a defendant's words . . . rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance." Commonwealth v. Hock, 728 A.2d 943, 946 (Pa. 1999). The Pennsylvania Supreme Court has upheld a disorderly conduct conviction "where the defendant had, on two consecutive days, followed a meter maid and shouted vulgarities at her in a threatening manner." Id. The court is confident that any reasonable juror would find probable cause to charge plaintiff where here, Trooper Rooney was operating under the knowledge that Nesgoda had threatened to blow up a courthouse and kill any officers who stood in his way.

Because there was probable cause to charge Nesgoda with all of his charged offenses, his claim for Fourth Amendment malicious prosecution fails, and summary judgment will be granted on that count.

## II. State Law Malicious Prosecution Claim

As the existence of probable cause is also fatal to Nesgoda's state law malicious prosecution claim, Kelley v. Gen. Teamsters, 544 A.2d 940, 941 (Pa. 1988) (citation omitted), summary judgment will be granted on that claim as well.

For the reasons stated herein, it is hereby **ORDERED** that:

1) Defendant's motion for summary judgment, (Doc. 56), is **GRANTED**;

2) The Clerk of Court is directed to enter judgment in favor of Defendant Christopher Rooney; and

3) The Clerk of Court is directed to close this case.

**Date:** 11/10/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**